IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:06CR17

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **MEMORANDUM AND ORDER** |
| ) | |
| PHILLIP ALLEN DOSTER ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Bond Reconsideration, filed March 20, 2006. However, because the motion contains a statement that it is an appeal of the order of detention, the Court considers the motion as one for review of the Magistrate Judge's order of detention.

## I. STANDARD OF REVIEW

Title 18 U.S.C. § 3145 provides in pertinent part that "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." **18 U.S.C. § 3145(b).**

When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release. . . . [T]he question becomes whether the evidence as a whole supports the conclusions of the proceedings below. The standard of review for pretrial detention orders under 18 U.S.C. § 3145[(b)] is one of independent review, with "deference to the determination of the . . . court."

Section 18 U.S.C. § 3142(e) of the Bail Reform Act, which governs release or detention pending trial, dictates that if, after holding a hearing, the court finds that no "condition or combination of conditions will reasonably assure the appearance of the person as required, and the safety of any other person and the community," such court shall order the detention of the person before trial. The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include: (1) nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required. With regard to the risk of flight as a basis for detention, the government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future court proceedings.

***United States v. Stewart*, 19 Fed. Appx. 46, 48 (4th Cir. 2001) (quoting *United States v. O'Brien*, 895 F.2d 810, 814 (1st Cir. 1990) (other internal citations omitted).**

## II. DISCUSSION

The Defendant is charged in a one count bill of indictment with being a felon in possession of a firearm. While the indictment lists two previous felony convictions, the Magistrate Judge noted a lengthy criminal history which spanned seven pages of the pretrial services report. Since 1974, the Defendant has had approximately 34 criminal convictions, with one conviction occurring each year. Those convictions include numerous controlled substances violations, a state court conviction for being a felon in possession of a firearm, a charge of taking indecent liberties with a minor, and numerous failures to appear for court appearances. In 1983, the Defendant was convicted for the involuntary manslaughter of a small child, a conviction which stemmed from the Defendant's accidental shooting of the child. This incident alone shows that the Defendant's involvement with firearms poses a danger to the community. In addition, the Defendant's sister testified at the hearing that the Defendant, at least at one time, had a sufficient number of firearms to require the use of a "gun safe." Moreover, the Defendant admitted that while waiting for one of his state court convictions to be heard in court, he simply walked away from the courthouse and after two days, turned himself in. This resulted in a

conviction for escape. And, during the detention hearing it was noted that he frequently failed to appear for court dates in state court proceedings.

In addition to the Defendant's past criminal history, it was noted during the hearing that although he previously had employment, he would not be able to return to that job. While his sister was prepared to act as his custodian, she did not have a telephone in her home to effect electronic monitoring. And, the Defendant's family and community ties in the past have not prevented his lengthy list of criminal involvement.

The undersigned is compelled to note that substantial evidence links the Defendant to the crime with which he has been charged and he has history of criminal conduct since 1974. **United States v. Abad, 350 F.3d 793 (8th Cir. 2003), Stewart, supra.**

The Court has considered the factors required by statute, including the Defendant's family ties, criminal history, community ties, employment and past conduct. Having conducted a *de novo* review, the Court finds that no condition or combination of conditions will reasonably assure his appearance and/or the safety of any other person and the community. To the contrary, his criminal history and involvement with firearms endangers the safety of the community.

5

## III. ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to revoke or amend the order for pretrial detention is hereby **DENIED,** and the Magistrate Judge's order of detention is **AFFIRMED**.

Signed: April 4, 2006

Lacy H. Thornburg
United States District Judge