# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:06cr17-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| PHILLIP ALLEN DOSTER. | ) | |

**THIS MATTER** is before the Court on a letter from the Defendant which has been filed as a motion [Doc. 33].

In the letter, the Defendant discloses that he is currently in the custody of the North Carolina Department of Corrections (DOC). [Id.]. He asks that a federal detainer which has been lodged with the DOC be removed so that he may enjoy greater privileges within the state system. [Id.].

The Defendant was convicted in this Court on May 3, 2007 of being a felon in possession of a firearm. After the completion of his sentence, he began a period of supervised release. [Doc. 32]. In February 2011, he was arrested by the Rutherford County Sheriff's Office and charged with first degree rape involving a minor. [Id.]. It is unclear whether that charge has

been resolved but the Defendant does remain in state custody.

Because of this new charge, on March 21, 2011, a Petition to Revoke Supervised Release was filed in this Court. [Id.]. Since the Defendant was in state custody at that time, the warrant issued by this Court has been lodged as a detainer. The Petition to revoke his supervised release has not yet been adjudicated. The Defendant apparently seeks removal of the detainer so that his privileges within DOC will not be impaired.

> A detainer ... is an internal administrative mechanism to assure that an inmate subject to an unexpired term of confinement will not be released from custody until the jurisdiction asserting a ... violation has had an opportunity to act ... by taking the inmate into custody or by making a ... revocation determination. When two autonomous jurisdictions are involved, as for example when a federal detainer is placed against an inmate of a state institution, a detainer is a matter of comity.

Moody v. Daggett, 429 U.S. 78, 89, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976).

The Defendant "is not entitled to a revocation hearing until after he is taken into federal custody" on the Petition to Revoke Supervised Release. United States v. Gomez-Diaz, 415 F. App'x. 890 (10th Cir. 2011) (citations omitted). This Court therefore will not interfere with the detainer.

**IT IS, THEREFORE, ORDERED** that letter from the Defendant which has been filed as a motion [Doc. 33] is hereby **DENIED**.

Signed: August 2, 2012

Martin Reidinger
United States District Judge